FILED _____ ENTERED
_____ LODGED _____ RECEIVED

APR 2 4 2006    DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

06-CV-00577-CMP

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| COMMSCOPE, INC. OF NORTH CAROLINA, COMMSCOPE SOLUTIONS, INC., and COMMSCOPE SOLUTIONS PROPERTIES LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ELECTRO PRODUCTS, INC., and DANIEL EDWARD OBERHOLTZER, a/k/a DANN OBERHOLTZER, <br><br> Defendants. | NO. **CV6 577** RSM <br><br> COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES |

## I.  NATURE OF THIS ACTION

Plaintiffs CommScope, Inc. of North Carolina, CommScope Solutions, Inc., and CommScope Solutions Properties LLC (collectively "CommScope") seek injunctive relief, damages, and attorneys' fees based on the wrongful conduct of Defendants Electro Products, Inc. and Dann Oberholtzer (collectively "Defendants") in the marketing, distribution, and sale of counterfeit CommScope electronics equipment, specifically communications patch panels, which infringe CommScope's registered trademarks, including the marks "SYSTIMAX®," "GIGASPEED®," and "PATCHMAX®."

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES (NO. 00-0000) – 1
[61094-0001/SL061090.260]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## II.  PARTIES

1.     Plaintiff CommScope, Inc. of North Carolina is a North Carolina corporation with its principal place of business in Hickory, North Carolina.  Plaintiff CommScope Solutions, Inc. is a Delaware corporation with its principal place of business in Hickory, North Carolina.  Plaintiff CommScope Solutions Properties LLC is a Nevada limited liability company with its principal place of business in Sparks, Nevada.

2.     On information and belief, Defendant Electro Products, Inc. ("Electro Products") is a Washington corporation with its principal place of business in Kent, Washington.

3.     On information and belief, Defendant Dann Oberholtzer is an individual residing in Seattle, Washington, and is the owner and president of Defendant Electro Products.  All actions by Defendant Oberholtzer described herein were undertaken for the benefit of his marital community, if any.

## III.  JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over the claims alleged herein pursuant to 28 U.S.C. §§ 1331 (federal question), 1367 (supplemental), § 1338(a) (trademark) and § 1338(b) (related claims of unfair competition).

5.     Venue is proper in this District under 28 U.S.C. § 1391(a).

6.     The Court has personal jurisdiction over Defendants because Defendants reside and/or do business in this District.  Further, Defendants knew or reasonably should have known that the conduct alleged in this Complaint would cause injury to CommScope in the State of Washington.

## IV.  FACTUAL BACKGROUND

### A.    COMMSCOPE'S INTELLECTUAL PROPERTY

7.     CommScope is a leader in the design and manufacture of cable and connectivity solutions for communication networks.  CommScope manufactures, distributes, and sells numerous products in this market including coaxial cable, communications patch panels, and

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES (NO. 00-0000) - 2
[61094-0001/SL061090.260]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

other infrastructure materials. CommScope Solutions Properties, LLC owns numerous trademarks in connection with the CommScope business. CommScope's ownership of the intellectual property rights associated with these products gives CommScope the exclusive right under U.S. law to sell or offer for sale products bearing its registered marks, and only CommScope may authorize copies of its products or the use of its trademarks by others.

8.       Of particular relevance here, CommScope manufactures, sells and markets the SYSTIMAX® PATCHMAX® GS3 patch panel under the SYSTIMAX®, GIGASPEED®, and PATCHMAX® marks. A patch panel is a piece of communications equipment that transmits information for various high-speed applications and with a high degree of accuracy. Such patch panels are used at locations where the accurate transmission of data is critical, as in hospitals. The patch panels contains several parts, including a multiple number of "6-pack modules" and retainer rings integrated with a metal panel. CommScope sells SYSTIMAX® PATCHMAX® patch panels known as 24 and 48 port SYSTIMAX® PATCHMAX® patch panels. The 6-pack modules have 6 individual ports, which allow many electronic devices and telephone devices to be connected to the patch panels. The packages in which CommScope's patch panels are distributed typically include certain accessories, such as a tie down bar, a roll of velcro, various labels, and installation instructions.

9.       CommScope has duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

|     |            |                     |
|-----|------------|---------------------|
| (a) | SYSTIMAX – | Reg. No. 1,605,354  |
| (b) | SYSTIMAX – | Reg. No. 1,644,744  |
| (c) | GIGASPEED – | Reg. No. 2,185,062 |
| (d) | PATCHMAX – | Reg. No. 2,051,177  |

True and correct copies of the Trademark Registrations for (a) through (d) above are attached hereto as Exhibits A through D, respectively, and are incorporated herein by reference.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

10.    CommScope acquired the SYSTIMAX® business unit from Avaya, Inc. in 2004. The SYSTIMAX® business unit is engaged in the manufacture and sales of communications cable and networking products in connection with the trademarks SYSTIMAX®, GIGASPEED®, and PATCHMAX®. In particular, the SYSTIMAX® mark has been used by the SYSTIMAX® business unit for more than ten years. Worldwide sales of products bearing these marks is measured in the hundreds of millions of dollars. A significant amount of these sales has occurred within the United States.

11.    In addition to the impressive sales made in connection with the use of these marks, CommScope and its predecessors have been and are recognized nationally and internationally as one of the industry leaders. Products bearing these marks are marketed at trade shows, in trade magazines, and sold through a substantial direct sales force.

12.    All of the activities of CommScope and its predecessors have created substantial value and goodwill in the CommScope Trademarks in connection with the sale of communications cable and networking products, including the products at issue in this action.

**B.    DEFENDANTS' INFRINGING ACTIVITY**

13.    On information and belief, in April 2005, Communications Supply Corporation ("CSC"), an authorized distributor of CommScope's SYSTIMAX® PATCHMAX® patch panels, was approached by Defendants about buying what Defendant Oberholtzer described as a "surplus" quantity of 24-port and 48-port SYSTIMAX® PATCHMAX® GS3 patch panels. CSC agreed, and thereafter purchased approximately 1386 SYSTIMAX® PATCHMAX® GS3 patch panels from Electro Products in both the 24-port and 48-port size. These products were shipped to CSC's warehouse in Carol Stream, Illinois. CSC then began to distribute them to end users around the country. On information and belief, CSC sold approximately 608 of the SYSTIMAX® PATCHMAX® GS3 patch panels it purchased from Electro Products, returned 472 to Electro Products after receiving customer complaints about the quality of the product, and retained approximately 300 in inventory.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

14.     After CSC distributed the SYSTIMAX® PATCHMAX® patch panels it purchased from Electro Products, CommScope began receiving complaints about these units from end users. In the normal course of business, CommScope sent support personnel to investigate these complaints. These CommScope personnel shipped a number of these products to the Quality Assurance group at CommScope, which in turn handed the faulty SYSTIMAX® PATCHMAX® GS3 patch panels over to the engineering department. The engineering department discovered that these SYSTIMAX® PATCHMAX® GS3 patch panels were counterfeit. Further investigation revealed that in each case the counterfeit product had been distributed by CSC, which had purchased the product from Defendants as described above. Accordingly, CommScope representatives visited CSC's warehouse in Illinois and examined samples of CSC's remaining inventory of the SYSTIMAX® PATCHMAX® patch panels purchased from Electro Products. That examination revealed that those products obtained from Electro Products were counterfeit.

15.     On April 12, 2006, representatives of CommScope visited Electro Products' offices to investigate the matter and demand that Electro Products immediately stop the sale of counterfeit SYSTIMAX® PATCHMAX® products. The President of Electro Products was not available and refused to make himself available. CommScope observed in the Electro Products office a SYSTIMAX® PATCHMAX® patch panel with the same date code on it that was on the counterfeit products seen at the CSC warehouse in Illinois. CommScope believes this patch panel was counterfeit. Additionally, on April 21, 2006, CommScope examined a SYSTIMAX® PATCHMAX® patch panel that was provided by Electro Products and determined that patch panel was also counterfeit. Accordingly, on information and belief, Electro Products still has it its possession counterfeit SYSTIMAX® PATCHMAX® patch panels with accompanying packaging and literature bearing CommScope's registered trademarks.

16.     On information and belief, Defendants have committed and are continuing to commit willful and intentional acts of trademark infringement against CommScope. On

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES (NO. 00-0000) - 5
[61094-0001/SL061090.260]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of CommScope's trademark rights.

17.     On information and belief, the injuries and damages that CommScope has sustained have been directly and proximately caused by Defendants' wrongful infringement of CommScope's trademarks.

## V.   CAUSES OF ACTION
### COUNT I
#### Trademark Infringement (violation of 15 U.S.C. § 1114)

18.     CommScope repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 17, inclusive.

19.     CommScope owns numerous federal registrations for trademarks used in or on the SYSTIMAX ® PATCHMAX® GS3 patch panel, packaging, and accompanying literature. These registrations are in full force and effect and are enforceable.

20.     Defendants' activities constitute direct, vicarious, or contributory infringement of CommScope's federally registered trademarks and service mark in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114(1).

21.     The infringing products and materials that Defendants have and are continuing to use, offer, advertise, market, install, or distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

22.     Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing products that Defendants are advertising, marketing, installing, or distributing originate with or are authorized by CommScope, to the damage and harm of CommScope, its distributors, and the public.

23.     Upon information and belief, Defendants used, offered, advertised, marketed, installed or distributed infringing products and materials with the purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES (NO. 00-0000) - 6
[61094-0001/S1.061090.260]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

infringing products and materials, and of trading upon CommScope's goodwill and business reputation.

24.    Defendants' conduct has been willful within the meaning of the Lanham Act. At a minimum, Defendant acted with willful blindness to and in reckless disregard of CommScope's rights.

25.    As a result of the wrongful conduct, Defendants are liable to CommScope for trademark infringement under 15 U.S.C. § 1114(1). CommScope has suffered, and will continue to suffer, substantial damages as a result of Defendants' conduct. CommScope is entitled to recover damages, which include any and all profits Defendants have made as a result of the wrongful conduct. 15 U.S.C. § 1117(a).

26.    In addition, because Defendants' infringement of CommScope's trademarks and service mark was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b). In the alternative, CommScope is entitled to statutory damages for each counterfeit mark and separate product type. 15 U.S.C. § 1117(c).

27.    CommScope is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). CommScope has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) CommScope's trademarks are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to CommScope such that CommScope could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to CommScope, is continuing.

28.    CommScope is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES (NO. 00-0000) - 7
[61094-0001/SL061090.260]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## COUNT II
### False Designation of Origin (violation of 15 U.S.C. § 1125(a))

29.     CommScope repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 28, inclusive.

30.     CommScope owns various federal registrations for trademarks used in the SYSTIMAX® PATCHMAX® GS3 patch panel, packaging and accompanying literature.  These registrations are in full force and effect and are enforceable.

31.     CommScope has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "CommScope visual designs") for its product.

32.     Defendants' wrongful conduct includes the use of CommScope's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from CommScope visual designs, in connection with its goods and services.

33.     Upon information and belief, Defendants engaged in such wrongful conduct with the willful purpose of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the goods and services offered, marketed or distributed in connection with CommScope's marks, name, and imitation visual designs, and of trading upon CommScope's goodwill and business reputation.  Defendants' conduct constitutes (a) false designation of origin, (b) false description, and (c) false representation that the imitation visual images originate from or are authorized by CommScope, all in violation of § 43(a) of the Lanham Act, set forth at 15 U.S.C. § 1125(a).

34.     Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

35.     As a result of Defendants' wrongful conduct, CommScope has suffered and will continue to suffer damages.  CommScope is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, offered,

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

advertised, marketed, installed, or distributed by Defendants. CommScope has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) CommScope's marks, name, and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendants' advertising, marketing, installation, or distribution of imitation visual designs constitutes harm to CommScope such that CommScope could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to CommScope, is continuing.

## COUNT III
### Washington Common Law Unfair Competition

36.    CommScope realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 35, inclusive.

37.    The acts and conduct of Defendants as alleged above (i) constitute unfair competition under Washington common law, and (ii) constitute infringement of CommScope's Washington common law rights in its trademarks and improper and unfair competition with CommScope.

38.    Defendants' acts and conduct as alleged above have damaged and will continue to damage CommScope in an amount that is unknown at the present time.

## COUNT IV
### Violation of The Washington Consumer Protection Act --
### RCW 19.86.020, *et seq.*

39.    CommScope realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 38, inclusive.

40.    Defendants' activities as alleged above constitute unfair or deceptive acts or practices in violation of RCW 19.86.020, *et seq.*

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

41.    Defendants' deceptive acts and practices are intended to, and are likely to, lead to confusion, mistake, or deception among the public as to the source, origin, or approval of the infringing CommScope materials.

42.    As a result of Defendants' deceptive acts and practices, and the resulting consumer confusion, CommScope has suffered and will continue to suffer losses and irreparable injury to its business reputation and goodwill in amounts not yet ascertained.  CommScope's remedy at law is not itself adequate to compensate it for injuries inflicted and threatened by Defendants.

43.    Accordingly, pursuant to RCW 19.86.090, CommScope is entitled to injunctive relief, actual and trebled damages, attorneys' fees, and costs of suit.

## COUNT V
### For Imposition of a Constructive Trust Upon the
### Illegal Profits of Defendants

44.    CommScope realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 43, inclusive.

45.    Defendants' conduct constitutes deceptive, fraudulent, and wrongful conduct in the nature of passing off the infringing materials as genuine CommScope products.

46.    By virtue of the wrongful conduct, Defendants have illegally received money and profits that rightfully belong to CommScope.

47.    Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

48.    Defendants hold, and should be deemed to hold, the money and profits they have illegally received as constructive trustee for the benefit of CommScope.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

## COUNT VI
### Accounting

49.     CommScope repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 48, inclusive.

50.     CommScope is entitled, pursuant to 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to the acts of infringement.

51.     CommScope is entitled, pursuant to 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

52.     The amount of money due from Defendants to CommScope is unknown to CommScope and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material offered for distribution and distributed by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, CommScope respectfully requests judgment against Defendants as follows:

1.     That the Court enter a judgment against Defendants that they have:

    (a)     willfully infringed CommScope's rights in the following federally registered trademarks under 15 U.S.C. § 1114:

| | | |
|---|---|---|
| (1) | SYSTIMAX ~ | Reg. No. 1,605,354 |
| (2) | SYSTIMAX – | Reg. No. 1,644,744 |
| (3) | GIGASPEED – | Reg. No. 2,185,062 |
| (4) | PATCHMAX – | Reg. No. 2,051,177 |

    (b)     competed unfairly with CommScope at common law and in violation of RCW 19.86.020 *et seq.*; and

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES (NO. 00-0000) - 11
[61094-0001/SL061090.260]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

(c)     otherwise injured the business reputation and business of CommScope by Defendants' acts and conduct set forth in this Complaint.

2.     That the Court issue injunctive relief against Defendants, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a)     imitating, copying, or making any other infringing use or infringing distribution of SYSTIMAX® PATCHMAX® patch panels, installation instructions, literature, components, and/or items protected by CommScope's registered trademarks, including, but not limited to, the following Trademark Registration Nos.:

(1)     SYSTIMAX –       Reg. No. 1,605,354

(2)     SYSTIMAX –       Reg. No. 1,644,744

(3)     GIGASPEED –      Reg. No. 2,185,062

(4)     PATCHMAX –       Reg. No. 2,051,177

(b)     manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any products, components, and/or items bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of CommScope's registered trademarks or service marks, including, but not limited to, the trademarks listed in Section (2)(a) above;

(c)     using any simulation, reproduction, counterfeit, copy, or colorable imitation of CommScope's registered trademarks including, but not limited to, the trademarks listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any SYSTIMAX PATCHMAX patch panels, installation instructions, component, and/or item not authorized or licensed by CommScope;

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES (NO. 00-0000) - 12
[61094-0001/SL061090.260]

        **(d)**    engaging in any other activity constituting an illegal distribution of any CommScope item and/or an infringement of any of CommScope's trademarks, or of CommScope's rights in, or right to use or to exploit these trademarks; and

        **(e)**    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above.

    3.    That the Court enter an order declaring that Defendants hold in trust, as constructive trustee for the benefit of CommScope, the illegal profits obtained from the distribution of counterfeit copies of CommScope's SYSTIMAX PATCHMAX patch panels and Installation Instructions, and requiring Defendants to provide CommScope a full and complete accounting of all amounts due and owing to CommScope as a result of Defendants' illegal activities.

    4.    That the Court enter an order pursuant to 15 U.S.C. § 1116 providing for the seizure and impoundment of all copies claimed to have been made or used in violation of CommScope's exclusive rights and all counterfeit products, including without limitation all SYSTIMAX PATCHMAX GS3 patch panels and accompanying packaging and literature, including installation instructions, and an order for the destruction of all copies found to have been made or used in violation of CommScope's exclusive rights, including all documentation used in the infringement.

    5.    That the Court order Defendants to pay CommScope's damages as follows:

        **(a)**    CommScope's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for Defendants' willful violation of CommScope's registered trademarks, or in the alternative statutory damages pursuant to 15 U.S.C. § 1117(c) for each counterfeit mark and separate type of product; and

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

(b)     CommScope's damages pursuant to Washington common law and CommScope's actual and trebled damages, attorneys' fees, and costs of suit pursuant to RCW 19.86.090;

6.     That the Court order Defendants to pay to CommScope both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

7.     That the Court grant to CommScope such other and additional relief as is just and proper.

DATED:  April 24, 2006.

PERKINS COIE LLP

By:_____
     Susan D. Fahringer, WSBA # 21567
     Joseph M. McMillan, WSBA #26527
     William C. Rava, WSBA #29948
     Amanda J. Beane, WSBA #33070

Attorneys for CommScope, Inc. of North Carolina,
CommScope Solutions, Inc., and
CommScope Solutions Properties LLC

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES (NO. 00-0000) - 14
[61094-0001/S1.061090.260]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

# EXHIBIT A

Int. Cl.: 9

Prior U.S. Cl.: 21

**United States Patent and Trademark Office**  Reg. No. 1,605,354
Registered July 10, 1990

### TRADEMARK
#### PRINCIPAL REGISTER

## SYSTIMAX

AMERICAN TELEPHONE AND TELEGRAPH
COMPANY (NEW YORK CORPORATION)
550 MADISON AVENUE
NEW YORK, NY 10022

FOR: ELECTRICAL WIRE FOR USE IN THE
TELECOMMUNICATIONS   INDUSTRY,   IN
CLASS 9 (U.S. Cl. 21).

FIRST   USE   7-11-1989;   IN   COMMERCE
7-11-1989.

SER. NO. 73-819,444, FILED 8-15-1989.

G. T. GLYNN, EXAMINING ATTORNEY

EXHIBIT B

Int. Cl.: 9

Prior U.S. Cls.: 21 and 26

## United States Patent and Trademark Office

Reg. No. 1,644,744
Registered May 14, 1991

## TRADEMARK
### PRINCIPAL REGISTER

## SYSTIMAX

AMERICAN TELEPHONE AND TELEGRAPH COMPANY (NEW YORK CORPORATION)
550 MADISON AVENUE
NEW YORK, NY 10022 .

FOR: FIBER OPTIC WIRE, CORDS AND CABLES; WIRE PATCH CORDS; FIBER OPTIC INTERCONNECTION CABLES; TELECOM-MUNICATIONS ADAPTORS; TELECOMMUNI-CATIONS CONNECTORS, PLUGS, JACKS AND CONNECTING BLOCKS; TELECOMMUNICA-TIONS DEVICES THAT REPEAT, RESHAPE, OR REFORMAT SIGNALS FROM DATA TER-

MINALS AND CONTROLLERS; TELECOM-MUNICATIONS BRACKETS, CLIPS AND CLAMPS TO HOUSE AND SUPPORT CABLE AND TELECOMMUNICATIONS EQUIPMENT ALL DISTRIBUTED AS A UNIT, IN CLASS 9 (U.S. CLS. 21 AND 26).

FIRST USE 6-20-1990; IN COMMERCE 6-20-1990.

SN 74-001,018, FILED 11-16-1989.

G. T. GLYNN, EXAMINING ATTORNEY

# EXHIBIT C

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

Reg. No. 2,185,062

## United States Patent and Trademark Office

Registered Aug. 25, 1998

### TRADEMARK
### PRINCIPAL REGISTER

## GIGASPEED

LUCENT TECHNOLOGIES INC. (DELAWARE CORPORATION)
600 MOUNTAIN AVENUE
MURRAY HILL, NJ 079740636

FOR: TELECOMMUNICATIONS NETWORK PRODUCTS, NAMELY, COPPER CABLE, WIRE, CORDS, PATCH CORDS AND PATCH

PANELS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3-0-1997; IN COMMERCE 3-0-1997.

SN 75-256,846. FILED 3-12-1997.

ANNE MADDEN, EXAMINING ATTORNEY

# EXHIBIT D

 

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

Reg. No. 2,051,177

## United States Patent and Trademark Office

Registered Apr. 8, 1997

### TRADEMARK
### PRINCIPAL REGISTER

## PATCHMAX

LUCENT TECHNOLOGIES INC. (DELAWARE CORPORATION)
600 MOUNTAIN AVENUE
MURRAY HILL, NJ 07974063 BY ASSIGNMENT AND CHANGE OF NAME FROM AT&T CORP. (NEW YORK CORPORATION) NEW YORK, NY 10013

FOR: TELECOMMUNICATIONS PRODUCTS, NAMELY DISTRIBUTION HARDWARE COMPRISING CROSS CONNECT AND INTERCONNECT ARRANGEMENTS FOR CIRCUIT CONNECTIONS; RETAINER RINGS WHICH GUIDE, ROUTE, AND ARRANGE CABLES AND CORDS WHICH CONNECT CIRCUITS WITHIN A DISTRIBUTION FIELD; PANELS, NAMELY STRUCTURAL SUPPORTS FOR DISTRIBUTION MODULES; DISTRIBUTION MODULES WHICH PROVIDE FOR THE TERMINATION OF CABLE (BOTH COPPER AND FIBER), AND ALLOW FOR THE ADMINISTRATION OF CIRCUIT CONNECTIONS BY MEANS OF CORDS AND JUMPER WIRES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 4-0-1996; IN COMMERCE 4-0-1996.

SN 74-562,815, FILED 8-18-1994.

JAMES A. RAUEN, EXAMINING ATTORNEY